IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

**COLONY INSURANCE COMPANY,**

**Plaintiff,**

v.

**CLEARWATER POOL AND SPA, INC., JONATHAN ERIC NEEL, and BRENT E. BATES,**

**Defendants.**

**Case No. ___________**

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, Colony Insurance Company ("Colony"), pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201(a), hereby states its complaint for declaratory relief as to the claims of the Defendants, Clearwater Pool and Spa, Inc. ("Clearwater") and Jonathan Eric Neel ("Neel") for insurance coverage, and Defendant Brent E. Bates ("Bates") as a potentially interested third party, and states as follows:

**I. Status of the Parties**

1. Colony is a national insurance company, incorporated in Virginia, with its principal place of business located in Virginia.

2. Clearwater is a Tennessee Corporation with its principal place of business in Manchester, Coffee County, Tennessee.

3. Neel is a citizen and resident of Manchester, Coffee County, Tennessee.

4. Bates is a citizen and resident of Manchester, Coffee County, Tennessee.

## II. **Jurisdiction and Venue**

5. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1) because it is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because all defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## III. **Factual Allegations**

### A. THE INSURANCE POLICY AT ISSUE.

7. Colony issued a Commercial General Liability ("CGL") Policy No. GL3339012, with a policy period of August 11, 2005 to August 11, 2006 (hereinafter referred to as the "Policy"), to Clearwater. A true and correct copy of the Policy is attached hereto as Exhibit 1.

8. Section II.A.1. of the Policy provides the definition of an insured in applicable part as follows:

> **1.** If you are designated in the Declarations as:
>
> * * *
>
> **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
>
> **2.** Each of the following is also an insured:
>
> **a.** Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within

the scope of their employment by you or while performing duties related to the conduct of your business.

9. Section I., Coverage A.1. of the Policy provides the insuring agreement which states in applicable part as follows:

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

* * *

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

**(2)** The "bodily injury" or "property damage" occurs during the policy period.

10. Section I, Coverage A.2. of the Policy provides exclusions from coverage in pertinent part as follows:

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury"

resulting from the use of reasonable force to protect persons or property.

* * *

**j. Damage To Property**

"Property damage" to:

* * *

**(4)** Personal property in the care, custody or control of the insured;

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operation, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

* * *

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m. **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

11. By endorsement, the Policy additionally provides an exclusion from coverage in pertinent part as follows:

**PENDING SUIT, PRE-EXISTING DAMAGE AND KNOW-LEDGE EXCLUSION**

* * *

The following exclusion is added to paragraph **2. Exclusions** of **SECTION I – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and paragraph **2. Exclusions** of **SECTION I – COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**:

This insurance does not apply:

* * *

**2.** To "bodily injury", "property damage", or "personal and advertising injury" which first occurs before the inception date of this policy; or

**3.** To "bodily injury", "property damage" or "personal and advertising injury" which is caused by, or arises out of, any pre-existing defective, deficient or inadequate condition, any part of which is actually known or which should have been known before the inception date of this policy by any

insured, additional insured, officer, owner, partner, insurance manager and/or risk manager, or any person, organization or entity qualifying as an insured.

Paragraphs **1.**, **2.** and **3.** of this exclusion apply regardless of:

**a.** Whether such damages are also caused by continuous or repeated exposure to substantially the same harmful conditions and also occur during this Policy Period; or

**b.** Whether such damages are of a continuous or progressive nature and also occur during this Policy Period.

12. By endorsement, the Policy additionally provides an exclusion from coverage in pertinent part as follows:

**PRIOR MANIFESTATION EXCLUSION**

* * *

The following exclusion is added to paragraph **2. Exclusions** of **SECTION I – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and paragraph **2. Exclusions** of **SECTION I – COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**:

This insurance does not apply:

> And we have no duty to defend, a claim or "suit" seeking damages consisting of, or arising from "bodily injury", "property damage" or "personal and advertising injury" that any insured knew or should have known existed before the commencement of this Policy Period, or that were manifested prior to this Policy Period. "Bodily injury", "property damage" or "personal and advertising injury" will be deemed to have been manifested as of the earliest date by which any damage or injury occurred, irrespective of whether any insured was aware of the existence of any such damage or injury, and irrespective of whether such damage or injury may have been continuous or progressive or may have been due to repeated exposure to substantially the same harmful conditions or may have become progressively worse during this Policy Period.

13. The Policy, Section V, Definitions, defines the following relevant terms:

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

* * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

16. "Products-completed operations hazard":

   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      (1) Products that are still in your physical possession; or

      (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.** Does not include "bodily injury" or "property damage" arising out of:

(1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

(2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

(3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

* * *

**20.** "Your product" means:

**a.** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(1) You;

(2) Others trading under your name; or

(3) A person or organization whose business or assets you have acquired; and

**b.** Containers (other than vehicles), materials parts or equipment furnished in connection with such goods or products.

"Your product" includes:

**a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**b.** The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

**21.** "Your work" means:

**a.** Work or operations performed by you or on your behalf; and

**b.** Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

**a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**b.** The providing of or failure to provide warnings or instructions.

C. THE UNDERLYING LITIGATION BETWEEN THE PARTIES

14. On or about May 17, 2007, Brent E. Bates filed suit against Clearwater and Neel for damages associated with the construction of an in-ground pool, related elements and landscaping. A true and correct copy of the Complaint (hereinafter referred to as the

"Complaint") filed in the case styled *Brent E. Bates v. Clearwater Pool & Spa, Inc. and Jonathan Eric Neel, Individually*, in the Circuit Court for Coffee County, Tennessee, Case No. 35858 (hereinafter referred to as the "Litigation") is attached hereto as Exhibit 2.

15. In the Complaint, Bates alleges that he engaged in discussions with Neel as President of Clearwater in November 2004 and that he thereafter entered into a contract with Clearwater dated November 18, 2004 for construction of the pool, associated elements and landscaping.

16. According to the allegations of the Complaint, construction began on or about December 1, 2004, and "[a]lmost immediately, there were problems with substandard work on behalf of Clearwater and Neel." The Complaint alleges improper excavation requiring construction of a retaining wall, which itself was improperly constructed; failure to construct two lighting pillars as called for in the original design; additional charges for construction of sodded, dirt mounds; failure to construct a rock privacy wall; improper installation of pool steps and swim-out lounge; defective construction of pool deck; improper installation of pool liner, pool lights and waterfall.

17. Further, according to the Complaint, Bates and Neel met in September 2005, at which time Neel allegedly agreed to correct the problems in Spring 2006. The Complaint alleges that the subsequent efforts to correct many of the problems in fact worsened them. These problems included use of incorrect colored mortar and cracking and discoloration of deck pavers.

18. The Complaint alleges that Bates suffered "extensive property damage and has lost several hours of his personal work time."

19. The Complaint asserts claims against Clearwater for breach of contract, violation of the Tennessee Consumer Protection Act ("TCPA"), fraud, negligent misrepresentation and negligence.

20. The Complaint asserts claims against Neel for violation of the TCPA, fraud and negligent misrepresentation.

21. The Complaint seeks compensatory damages, treble damages, punitive damages and attorney's fees.

22. Clearwater and Bates have made demand on Colony to defend them and to indemnify them for any judgment in the Litigation.

23. Colony is presently affording Clearwater and Neel a defense under a reservation of rights. A copy of Colony's reservation of rights letter is attached hereto as Exhibit 3.

24. Colony denies that there is coverage under the Policy for the claims made against Clearwater or Neel in the Litigation and denies that it is obligated to defend or indemnify them.

25. As a result, there exists a justiciable controversy between Colony and the Defendants as to the scope of the insurance coverage pursuant to the Policy.

26. Colony seeks a declaration of its rights and obligations under the Policy pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rule of Civil Procedure.

WHEREFORE, premises considered, Colony Insurance Company hereby prays as follows:

1. That this Court enter judgment and declare the rights of the parties; and

2. For such other and further relief as this Court deems appropriate.

Respectfully submitted,

MILLER & MARTIN PLLC

Jeffrey Zager, No. 11743
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, Tennessee 37219-2433
(615) 244-9270

*Attorneys for Plaintiff, Colony Insurance Company*